910 So.2d 194 (2005)
IN RE APPROVAL OF APPLICATION FOR DETERMINATION OF INDIGENT STATUS FORMS FOR USE BY CLERKS; AMENDMENT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.984.
In re Amendments to the Florida Supreme Court Approved Family Law Forms  Determination of Indigence Forms.
Nos. SC05-1103, SC04-2492.
Supreme Court of Florida.
June 30, 2005.
Honorable Thomas Howell Bateman, Chair, Criminal Procedure Rules Committee, Tallahassee, FL, and Honorable Henry Howell Harnage, Chair, Family Law Rules Committee, Miami, FL, John Dew, Executive Director and Joe Boyd, General Counsel, Florida Clerks of Court Operations Corporation, Tallahassee, FL, for Petitioner.
PER CURIAM.
The Florida Clerks of Court Operations Corporation has submitted for the Court's approval two application for determination of indigent status forms for use by clerks of court, in accordance with newly enacted legislation. We have jurisdiction. Art. V, §§ 2(a), 15, Fla. Const.; R. Regulating Fla. Bar 10-2.1(a).
In response to 2004 legislation amending section 27.52(1), Florida Statutes (2004), the Court previously developed and approved for use by clerks of the circuit courts an affidavit of indigent status form to be used in both civil and criminal proceedings. See In re Approval of Form for Use by Clerks of the Circuit Courts Pursuant to Rule 10-2.1(a) of the Rules Regulating the Florida Bar, 877 So.2d 720 (Fla. *195 2004); see also § 27.52(1), Fla. Stat. (2004) (providing that "[t]he clerk of the circuit court shall determine if a person applying for appointment of a public defender or private attorney or any other due process services is indigent using a form developed by the Supreme Court"). More recently, in In re Amendments to the Florida Rules of Criminal ProcedureConform Rules to 2004 Legislation, 900 So.2d 528 (Fla.2005), the Court adopted the affidavit of indigent status form as Florida Rule of Criminal Procedure 3.984.
During the 2005 regular session, the Legislature again amended section 27.52 and created section 57.082, Florida Statutes, which require a person seeking to be declared indigent in a criminal or civil proceeding to apply to the clerk of court for determination of indigent status using an application form "developed by the Florida Clerks of Court Operations Corporation with final approval by the Supreme Court." See ch. 2005-236, § 3, Laws of Fla. (amending § 27.52, Fla. Stat.); ch. 2005-236, § 35, Laws of Fla. (creating § 57.082, Fla. Stat.).
In accordance with the 2005 legislation, the Court hereby approves the attached Application for Determination of Civil Indigent Status form and Application for Criminal Indigent Status form for use by the clerks of court in conjunction with sections 57.081 and 57.082, Florida Statutes. These new forms replace the affidavit of indigent status form previously approved by the Court in 2004.
As we did with the previous form, the Court approves the new forms pursuant to rule 10-2.1(a) of the Rules Regulating the Florida Bar, which allows nonlawyers to assist in the completion of legal forms approved by this Court. However, only clerks of court and third parties with whom the clerk has contracted to perform functions assigned by the clerk are authorized to assist individuals in completion of the approved forms. See ch. 2005-236, § 3, Laws of Fla.
Rule 10-2.1(a) requires the individual who assisted in preparation of the form to provide a disclosure to the individual who sought assistance. The Court directs the court clerks to this rule for language to be included in the disclosure. Because local procedures may vary, the chief judge of each court is authorized to prepare instructions for the use of the approved forms. Instructions shall be filed with the clerk of court in the respective court and with the clerk of this Court. Of course, attorneys are encouraged to use the forms when appropriate with no need to comply with the identification and disclosure provisions necessary for nonlawyers.
Correspondingly, in light of the approval of the new indigency application forms, the Court on its own motion amends the Florida Rules of Criminal Procedure and the Supreme Court Approved Family Law Forms.[1] We delete the language of recently adopted Florida Rule of Criminal Procedure 3.984, Affidavit of Indigent Status, and replace it with the language of the herein approved Application for Criminal Indigent Status. Similarly, we delete Supreme Court Approved Family Law Form 12.902(a), Affidavit of Indigency, and direct that the newly approved Application for Determination of Civil Indigent Status be used in its stead. Additionally, we revise references to form 12.902(a) in other family law forms to reflect the new Application *196 for Determination of Civil Indigent Status.[2]
Accordingly, the Application for Criminal Indigent Status and the Application for Determination of Civil Indigent Status are hereby approved and authorized for publication as set forth in the appendix to this opinion. By approval of these forms, the Court expresses no opinion as to their correctness or applicability or on the substance of the new legislation. Additionally, Florida Rule of Criminal Procedure 3.984 is hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. Finally, Supreme Court Approved Family Law Form 12.902(a) is deleted and references thereto in the family law forms are amended, as set forth in the appendix to this opinion, fully engrossed.
The Application for Criminal Indigent Status and the Application for Determination of Civil Indigent Status are approved for use effective July 1, 2005. The amendments to criminal rule 3.984 and to the Supreme Court Approved Family Law Forms also shall become effective July 1, 2005. However, because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court. The Rules of Judicial Administration Committee, the Criminal Procedure Rules Committee, the Civil Procedure Rules Committee, the Juvenile Court Rules Committee, and the Family Law Rules Committee are specifically invited to comment.
This opinion and the indigency application forms discussed herein may be accessed and downloaded from this Court's website at www.floridasupreme court.org. The Application for Determination of Civil Indigent Status form to be used in place of Supreme Court Approved Family Law Form 12.902(a) may also be accessed and downloaded from the Florida State Courts website at www.flcourts.org.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
 IN THE CIRCUIT/COUNTY COURT OF THE ______ JUDICIAL CIRCUIT
 IN AND FOR ______ COUNTY, FLORIDA
STATE OF FLORIDA vs.
_________________________ CASE NO. __________________
Defendant/Minor Child

APPLICATION FOR CRIMINAL INDIGENT STATUS
____ I AM SEEKING THE APPOINTMENT OF THE PUBLIC DEFENDER OR
____ I HAVE A PRIVATE ATTORNEY OR AM SELF-REPRESENTED AND SEEK DETERMINATION OF INDIGENCE STATUS FOR COSTS
*197 Notice to Applicant: The provision of a public defender/court appointed lawyer and costs/due process services are not free. A judgment and lien may be imposed against all real or personal property you own to pay for legal and other services provided on your behalf or on behalf of the person for whom you are making this application. There is a $40.00 fee for each application filed. If the application fee is not paid to the Clerk of the Court within 7 days, it will be added to any costs that may be assessed against you at the conclusion of this case. If you are a parent/guardian making this affidavit on behalf of a minor or tax-dependent adult, the information contained in this application must include your income and assets.
1. I have ____ dependents. (Do not include children not living at home and do not include a working spouse or yourself.)
2. I have a take home income of $______ paid () weekly () bi-weekly () semi-monthly () monthly () yearly

(Take home income equals salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court ordered support payments)

3. I have other income paid () weekly () bi-weekly () semi-monthly () monthly () yearly: (Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")

 Social Security benefits .... Yes $ ____ No Veterans' benefit ........... Yes $ ____ No
 Unemployment compensation ... Yes $ ____ No Child support or other
 Union Funds ................. Yes $ ____ No regular support from family
 members/spouse ........... Yes $ ____ No
 Workers compensation ........ Yes $ ____ No Rental income .............. Yes $ ____ No
 Retirement/pensions ......... Yes $ ____ No Dividends or interest ...... Yes $ ____ No
 Trusts or gifts ............. Yes $ ____ No Other kinds of income not on the
 list ..................... Yes $ ____ No

4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle "No")

 Cash.................................... Yes $ ____ No Savings .................... Yes $ ____ No
 Bank account(s) ....................... Yes $ ____ No Stocks/bonds ............... Yes $ ____ No
 Certificates of deposit or money *Equity in Real estate
 market accounts ....................... Yes $ ____ No (excluding homestead) ...... Yes $ ____ No
 *Equity in Motor vehicles/Boats/ ...... Yes $ ____ No
 Other tangible property *include expectancy of an interest in such
 property

5. I have a total amount of liabilities and debts in the amount of $_____,
6. I receive: (Circle "Yes" or "No")

 Temporary Assistance for Needy Families-Cash Assistance ................ Yes No
 Poverty- related veterans' benefits .................................... Yes No
 Supplemental Security Income (SSI) ..................................... Yes No

7. I have been released on bail in the amount of $____. Cash ______ Surety ____ Posted by: Self ____ Family ____ Other ____
A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 27.52, F.S. commits a misdemeanor of the first degree, punishable as provided in s. 775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this Application is true and accurate to the best of my knowledge.
*198
Signed this __ day of ____, 20____. ___________________________________________
_____________________ Signature of Applicant for Indigent Status
Date of Birth Print Full Name ___________________________
___________________________ ___________________________________________
Drivers License or ID Number Address, P O Address, Street, City, State,
 Zip Code
 Phone number: _______________
NOTICE: If the applicant is determined by the clerk to be Not Indigent, you may seek judicial review at your next scheduled court appearance.

CLERK'S DETERMINATION
______ Based on the information in this Application, I have determined the applicant to be () Indigent () Not Indigent pursuant to s. 27.52, F.S.
______ The Public Defender is hereby appointed to the case listed above until relieved by the Court.
Dated this __ day of ____, 20____. Clerk of the Circuit Court
 This form was completed with the assistance of
 ____ Clerk/Deputy Clerk/Other authorized person.
 IN THE CIRCUIT/COUNTY COURT OF THE ______ JUDICIAL CIRCUIT
 IN AND FOR ______ COUNTY, FLORIDA
__________________________________________ CASE NO. _____________________
Plaintiff/Petitioner or In the Interest Of
vs.
_____________________
Defendant//Respondent

APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS
Notice to Applicant: If you qualify for civil indigence you must enroll in the Clerk's Office payment plan and pay a one-time administrative fee of $25.00.
1. I have ______ dependents. (Do not include children not living at home and do not include a working spouse or yourself.)
2. I have a take home income of $______ paid () weekly () bi-weekly () semi-monthly () monthly () yearly

(Take home income equals salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court ordered support payments)

3. I have other income paid () weekly () bi-weekly () semi-monthly () monthly () yearly: (Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")

 Social Security benefits ....... Yes $ ____ No Veterans' benefit................... Yes $ ____ No
 Unemployment compensation ...... Yes $ ____ No Child support or other regular
 Union Funds .................... Yes $ ____ No support from family members/spouse.. Yes $ ____ No
 Workers compensation ........... Yes $ ____ No Rental income....................... Yes $ ____ No
 Retirement/pensions ............ Yes $ ____ No Dividends or interest .............. Yes $ ____ No
 Trusts or gifts ................ Yes $ ____ No Other kinds of income not on the
 list.............................. Yes $ ____ No

*199 4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle "No")

 Cash....................................... Yes $ ____ No Savings.......................... Yes $ ____ No
 Bank account(s) ........................... Yes $ ____ No Stocks/bonds .................... Yes $ ____ No
 Certificates of deposit or money *Equity in Real estate
 market accounts ......................... Yes $ ____ No (excluding homestead) ........... Yes $ ____ No
 *Equity in Motor vehicles/Boats/ .......... Yes $ ____ No
 Other tangible property *include expectancy of an interest in such
 property

5. I have a total amount of liabilities and debts in the amount of $________,
6. I have a private lawyer in this case ............... Yes No
A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge.
Signed this __ day of ____, 20__. ________________________________________
_______________________ Signature of Applicant for Indigent Status
Date of Birth Print Full Name ____________
___________________________ ________________________________________
Drivers License or ID Number Address, P O Address, Street, City, State,
 Zip Code
 Phone number: _________
NOTICE: If the applicant is determined by the clerk to be Not Indigent, you may seek judicial review by filing a petition with the court.

CLERK'S DETERMINATION
Based on the information in this Application, I have determined the applicant to be () Indigent () Not Indigent, according to s. 57.082, F.S.
Dated this __ day of ____, 20__. Clerk of the Circuit court
 This form was completed with the assistance of
 ____ Clerk/Deputy Clerk/Other authorized person.
Rule 3.984, Affidavit of Indigent Status Application for Criminal Indigent Status
 IN THE CIRCUIT/COUNTY COURT OF THE ______
 JUDICIAL CIRCUIT
 IN AND FOR ______ COUNTY, FLORIDA
STATE OF FLORIDA vs./IN THE INTEREST OF:
 CASE NO.__________
====================
Defendant/Minor
Child(ren)/Respondent

AFFIDAVIT OF INDIGENT STATUS
Notice to Applicant: The provision of a public defender/court appointed lawyer is not free. A judgment and lien may be imposed against all real or personal property you own to pay for legal and other services provided on your behalf (or on behalf of the person for whom you are making this application). If the $40.00 application fee is not paid to the Clerk of the Court within 7 days, it will be added to any costs that may be assessed against you at the conclusion of this case. If you are a parent/guardian making this affidavit on behalf of a minor child or tax dependent adult, the information contained in this affidavit must include your income and assets.

*200
1. I have ______ dependents. (Do not include children not living at home and do not
 include working spouses.)
2. I have take-home income of $ ______ paid () weekly () bi-weekly () semi-monthly
 () monthly (Take home income equals salary, wages, bonuses, commissions,
 allowances, overtime, tips and similar payments minus deductions required by law
 and other court-ordered payments.)
3. I have $ ____________ in other annual income: (Circle "Yes" and fill in the amount if
 you have this kind of income or circle "No" if you do not have this kind of income)
Social Security .............................. Yes
benefits ..................................... $____ No
Unemployment ................................. Yes
compensation ................................. $____ No
Union funds .................................. Yes $____ No
Workers' compensation ........................ Yes $____ No
Retirement/pensions .......................... Yes $____ No
Trusts or gifts .............................. Yes $____ No
Veterans' benefits ........................... Yes $____ No
Other regular support from family ............ Yes
members/spouse ............................... $____ No
Rental income ................................ Yes $____ No
Dividends or interest ........................ Yes $____ No
Other kinds of income not on the list ........ Yes $____ No
4. I have $ ______ in other assets. (Circle "Yes" and fill in the value of the
property or circle "No" if you do not have this kind of property.)
Cash ......................................................... Yes
 $____ No
Savings .................................................... Yes
 $____ No
Bank ........................................................ Yes
account(s) .................................................. $____ No
Stocks and ................................................. Yes
bonds ...................................................... $____ No
Certificates of deposit or money market .................... Yes
accounts ................................................... $____ No
Real estate (your ownership ................................ Yes
interest) .................................................. $____ No
Boat(s) or aircraft (your ownership ........................ Yes
interest) .................................................. $____ No
Motor vehicle(s) (your ownership ........................... Yes
interest) .................................................. $____ No
Life Insurance ............................................. Yes
(cash value) ............................................... $____ No
Other valuable tangible property (like jewelry, coin ....... Yes
collections, etc.) ......................................... $____ No
5. I receive: (Circle "Yes" or "No")
 Temp. Assistance for Needy Families Cash Assistance .................. Yes No
 Poverty related veterans' benefits .................................... Yes No
 Supplemental Security Income (SSI) .................................... Yes No
6. I have been released on bail in the amount of $5,000 or more in this
 case .................................................................. Yes No
7. I have a private lawyer in this case .................................. Yes No
8. I expect to get or receive something of value at a later date (Like a
 tax refund, payments from lawsuits, accrued vacation leave, a bonus, or
 inheritance) .......................................................... Yes $____ No
 * *(Elect and complete either the notarized oath or the written declaration below
 pursuant to section 92.525, Florida Statutes)
 NOTARIZED OATH
 I, ______ (full legal name), being first duly sworn, state under oath and under
 penalty of perjury that the facts stated in the foregoing affidavit are true.

*201
 ==================
 Signature of Applicant for Date Signed
 Indigent Status
 PRINT Full Legal Name ______________
 Address _________________
 Driver's License # or ID # _________
 Date of Birth ___________
 Telephone
 WRITTEN DECLARATION
Under penalties of perjury, I declare that the facts stated in the foregoing affidavit are
true.
 =====================
 Signature of Applicant for Date Signed
 Indigent Status
 PRINT Full Legal Name ______________
 Address _________________
 Driver's License # or ID # _________
 Date of Birth ___________
 Telephone
* * (If a clerk or deputy clerk helped you fill out this form, he or she must fill out the
blank below.)
This form was completed with the assistance of ________________________, Clerk/Deputy
Clerk.
=================
 DETERMINATION OF INDIGENT STATUS
Based on the information in this Affidavit, I have determined that the applicant is ()
Indigent () Not Indigent pursuant to section 27.52, F.S.
========================= =====================
_________________________ 20 ______________
Clerk of Court by Deputy Clerk Date
 IN THE CIRCUIT/COUNTY COURT OF THE _______ JUDICIAL CIRCUIT
 IN AND FOR ________ COUNTY, FLORIDA
STATE OF FLORIDA vs. CASE NO.
________________________
Defendant/Minor Child
 APPLICATION FOR CRIMINAL INDIGENT STATUS
____ I AM SEEKING THE APPOINTMENT OF THE PUBLIC DEFENDER
____ OR
____ I HAVE A PRIVATE ATTORNEY OR AM SELF-REPRESENTED AND SEEK
 DETERMINATION OF INDIGENCE STATUS FOR COSTS
Notice to Applicant: The provision of a public defender/court appointed lawyer and
costs/due process services are not free. A judgment and lien may be imposed against all real
or personal property you own to pay for legal and other services provided on your behalf or
on behalf of the person for whom you are making this application. There is a $40.00 fee for
each application filed. If the application fee is not paid to the Clerk of the Court within 7
days, it will be added to any costs that may be assessed against you at the conclusion of this
case. If you are a parent/guardian making this affidavit on behalf of a minor or tax-dependent
adult, the information contained in this application must include your income and
assets.
1. I have _____ dependents. (Do not include children not living at home and do not include a
 working spouse or yourself.)
2. I have a take home income of $ _______ paid () weekly () bi-weekly () semi-monthly ()
 monthly () yearly

*202
(Take home income equals salary, wages, bonuses, commissions, allowances, overtime, tips
and similar payments, minus deductions required by law and other court ordered support
payments)
3. I have other income paid () weekly () bi-weekly () semi-monthly () monthly ()
 yearly:(Circle "Yes" and fill in the amount if you have this kind of income, otherwise
 circle "No")
Social Security benefits.. Yes $ ____ No Veterans' benefit.......... Yes $ ____ No
Unemployment compensation...... Yes $ ____ No Child support or other
 regular
Union Funds.................... Yes $ ____ No support from family
 members/ spouse........... Yes $ ____ No
Workers compensation........... Yes $ ____ No Rental income.............. Yes $ ____ No
Retirement/pensions............ Yes $ ____ No Dividends or interest...... Yes $ ____ No
Trusts or gifts................ Yes $ ____ No Other kinds of income not
 on the list............. Yes $ ____ No
4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle
 "No")
Cash ................................ Yes $ ____ No Savings..................... Yes $ ____ No
Bank account(s) ..................... Yes $ ____ No Stocks/bonds................ Yes $ ____ No
Certificates of deposit or money *Equity in Real estate
 market accounts................. Yes $ ____ No (excluding homestead)...... Yes $ ____ No
*Equity in Motor vehicles/Boats/Other
tangible property.................... Yes $ ____ No *include expectancy of an
 interest in such property
5. I have a total amount of liabilities and debts in the amount of $________,
6. I receive: (Circle "Yes" or "No")
 Temporary Assistance for Needy Families-Cash Assistance................................... Yes No
 Poverty-related veterans' benefits ...................................................... Yes No
 Supplemental Security Income (SSI) ...................................................... Yes No
7. I have been released on bail in the amount of $ _________, Cash ___ Surety ____
 Posted by: Self ____ Family ____ Other ____
A person who knowingly provides false information to the clerk or the court in seeking a
determination of indigent status under s. 27.52, F.S. commits a misdemeanor of the first
degree, punishable as provided in s. 775.082, F.S. or s. 775.083, F.S. I attest that the
information I have provided on this Application is true and accurate to the best of my
knowledge.
Signed this ___ day of ___, 20 ___
============= Signature of Applicant for Indigent Status
Date of Birth Print Full Name ___________________________
==============
Drivers License or ID Number Address, P O Address, Street, City, State,
 Zip Code
 Phone number: _______________
NOTICE: If the applicant is determined by the clerk to be Not Indigent, you may seek
judicial review at your next scheduled court appearance.
 CLERK'S DETERMINATION
____ Based on the information in this Application, I have determined the applicant to be ()
 Indigent () Not Indigent pursuant to s. 27.52, F.S.
____ The Public Defender is hereby appointed to the case listed above until relieved by the
 Court.
Dated this ____ day of ____, 20__. Clerk of the Circuit Court

*203 FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS

GENERAL INFORMATION FOR SELF-REPRESENTED LITIGANTS
You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.
These instructions are not the only place that you can get information about how a family case works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a petition for Name Change and/or Adoption, these instructions may not apply.
If the word(s) is printed in bold, his means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.

Commentary
1995 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners should refer to the committee notes for those forms for rule history.
The forms were adopted by the Court pursuant to Family Law Rules of Procedure, 667 So.2d 202 (Fla.1996); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar  Stepparent Adoption Forms, 613 So.2d 900 (Fla.1992); Rules Regulating the Florida Bar  Approval of Forms, 581 So.2d 902 (Fla.1991).
Although the forms are part of these rules, they are not all inclusive and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.
1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below.

*204 NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR
If you have questions or concerns about these forms, instructions, commentary, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under "Attorney." If you do not have the money to hire an attorney, you should call the legal aid office in your area.
Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions.
In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use.

FAMILY LAW PROCEDURES
Communication with the court... Ex parte communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.
Filing a case... A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case.
A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is assigned and an official court file is opened. Delivering the petition to the clerk's office is called filing a case. A filing fee is usually required.
Once a case has been filed, a copy must be given to (served on) the respondent. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.
Service... When one party files a petition, motion, or other pleading, the other party must be "served" with a copy of the document. This means that the other party is given proper notice of the pending action(s) and any scheduled hearings. Personal service of the petition and summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. After initial service of the original or supplemental petition and summons by a deputy sheriff or private process server, service of most motions and other documents or papers filed in the case generally may be made by regular U.S. mail or hand delivery. However, service by certified mail is required at other times so you *205 have proof that the other party actually received the papers. The instructions with each form will advise you of the type of service required for that form. If the other party is represented by an attorney, you should serve the attorney and send a copy to the other party, except for original or supplemental petitions, which must be personally served on the respondent.
Other than the initial original or supplemental petitions, anytime you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certificate of service. Likewise, the other party must provide you with copies of everything that he or she files. Service of additional documents is usually completed by U.S. mail. For more information, see the instructions for Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914.
Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instructions to those forms should be read carefully to ensure that you have the other party properly served. If proper service is not obtained, the court cannot hear your case.
Note: If you absolutely do not know where the other party to your case lives or if the other party resides in another state, you may be able to use constructive service. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
Default... After being served with a petition or counterpetition, the other party has 20 days to file a response. If a response to a petition is not filed, the petitioner may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.
Answer and counterpetition... After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, the respondent may also file a counterpetition. In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent's counterpetition.
Mandatory disclosure... Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Failure to make this required disclosure within the time required by the Florida *206 Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
Setting a hearing or trial... Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further information, you should refer to the instructions for the type of form you are filing.
Next, you must obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Below are explanations of symbols or parts of different family law forms ...

{specify}, {date}, {name(s)}, {street}, {city}, {state}, {phone}
Throughout these forms, you will find hints such as those above. These tell you what to put in the blank(s).

[one only] [all that apply]
These show how many choices you should check. Sometimes you may check only one, while other times you may check several choices. () This also shows an area where you must make a choice. Check the () in front of the choice that applies to you or your case.
IN THE CIRCUIT COURT OF THE
 (1) JUDICIAL CIRCUIT,
IN AND FOR (2) COUNTY,
 FLORIDA
 Case No.: (3) 
 Division: (4) 
 (5) ,
 Petitioner,
and
 (6) ,
 Respondent.
Line 1 The clerk of court can tell you the number of your judicial circuit. Type or print it here.
Line 2 Type or print your county name on line (2).
Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the case is filed. You should type or print this case number on all papers you file in this case.
*207 Line 4 The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here. Divisions vary from court to court. For example, your case may be filed in the civil division, the family division, or the juvenile division.
Line 5 Type or print the legal name of the person who originally filed the case on line 5. This person is the petitioner because he/she is the one who filed the original petition.
Line 6 Type or print the other party's legal name on line 6. The other party is the respondent because he/she is responding to the petition.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: (1)
 (2)
 Signature of Petitioner
 Printed Name: (3)
 Address: (4)
 City, State, Zip: (5)
 Telephone Number: (6)
 Fax Number: (7)
Some forms require that your signature be witnessed. You must sign the form in the presence of a notary public or deputy clerk (employee of the clerk of the court's office). When signing the form, you must have a valid photo identification unless the notary knows you personally. You should completely fill in all lines (1 & 3-7) except 2 with the requested information, if applicable. Line 2, the signature line, must be signed in the presence of the notary public or deputy clerk.
STATE OF FLORIDA
COUNTY OF ______
Sworn to or affirmed and signed before me
on ___________ by ___________.
 _______________________
 NOTARY PUBLIC or DEPUTY
 CLERK
 __________________
 [Print, type, or stamp commissioned
 name of notary or clerk.]
___ Personally known
___ Produced identification
 Type of identification produced
 ______
DO NOT SIGN OR FILL IN THIS PART OF ANY FORM. This section of the form is to be completed by the notary public who is witnessing your signature.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} (1) a nonlawyer, located at {street} (2), {city} (3) {state} (4), {phone} (5), helped {name} (6), who is the petitioner, fill out this form.
This section should be completed by anyone who helps you fill out these forms but is not an attorney who is a member in good standing of The Florida Bar, which means that he or she is not licensed to practice law in Florida.
Line 1 The nonlawyer who helps you should type or print his or her name on line 1.
Lines 2-5 The nonlawyer's address and telephone number should be typed or printed on lines 2-5.
Line 6 Your name should be typed or printed on line 6.
In addition, a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure *208 Form 12.900(a), should be completed if a nonlawyer assists you. The disclosure is available as a family law form and should be completed before the nonlawyer helps you. This is to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should keep a copy of this disclosure for your records.

FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS

Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.
Affidavit  a written statement in which the facts stated are sworn or affirmed to be true.
Answer  written response by a respondent that states whether he or she admits (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not specifically denied are considered to be admitted.
Appeal  asking a district court of appeal to review the decision in your case. There are strict procedural and time requirements for filing an appeal.
Asset  everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Attorney  a person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida. An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also obtain information from the Florida Supreme Court's Internet site located at http://www.flcourts. org/ courts/supct.
Bond  money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.
Central Governmental Depository  the office of the clerk of court that is responsible for collecting and disbursing courtordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.
Certificate of Service  a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions.
Certified Copy  a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.
*209 Certified Mail  mail which requires the receiving party to sign as proof that they received it.
Child Support  money paid from one parent to the other for the benefit of their dependent or minor child(ren).
Clerk of the Circuit Court  elected official in whose office papers are filed, a case number is assigned, and case files are maintained. The clerk's office usually is located in the county courthouse.
Constructive Service  notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called "service by publication." However, when constructive service is used, the relief the Court may grant is limited. For more information on service, see the instructions for Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a).
Contested Issues  any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.
Contingent Asset  an asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.
Contingent Liability  a liability that you may owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.
Counterpetition  a written request to the court for legal action, which is filed by a respondent after being served with a petition.
Default  a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.
Delinquent  late.
Dependent Child(ren)  child(ren) who depend on their parent(s) for support either because they are under the age of 18, they have a mental or physical disability that prevents them from supporting themselves, or they are in high school while between the ages of 18 and 19 and are performing in good faith with reasonable expectation of graduation before the age of 19.
Deputy Clerk  an employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.
Dissolution of Marriage  divorce; a court action to end a marriage.
Enjoined  prohibited by the court from doing a specific act.
Ex Parte  communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court's office, with certification that a copy was sent to the other party.
Family Law Intake Staff  a court's employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk's office can tell you if your county has such assistance available.
*210 Filing  delivering a petition, response, motion, or other pleading in a court case to the clerk of court's office.
Filing Fee  an amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Application for Determination of Civil Indigent Status, to ask the clerk to file your case without payment of the fee. This form can be obtained from the clerk's office.
Final Hearing  trial in your case.
Financial Affidavit  a sworn statement that contains information regarding your income, expenses, assets, and liabilities.
Final Judgment  a written document signed by a judge and recorded in the clerk of the circuit court's office that contains the judge's decision in your case.
Guardian ad Litem  a neutral person who may be appointed by the court to evaluate or investigate your child's situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not "work for" either party. The guardian may interview the parties, visit their homes, visit the child(ren)'s school(s) and speak with teachers, or use other resources to make their recommendation.
Hearing  a legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion.
Judge  an elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties are present, represented, or at a properly scheduled hearing.
Judicial Assistant  the judge's personal staff assistant.
Liabilities  everything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Lump Sum Alimony  money ordered to be paid by one spouse to another in a limited number of payments, often a single payment.
Mandatory Disclosure  items that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.
Marital Asset  generally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before your marriage may be nonmarital. An asset may only be determined to be marital by agreement of the parties or determination of the judge.
Marital Liability  generally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.
Mediator  a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party's side and are not allowed to give legal advice. They are only responsible for helping the parties reach an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.
Modification  a change made by the court in an order or final judgment.
*211 Motion  a request made to the court, other than a petition.
No Contact  a court order directing a party not speak to, call, send mail to, visit, or go near his or her spouse, ex-spouse, child(ren), or other family member.
Nonlawyer  a person who is not a member in good standing of The Florida Bar.
Nonmarital Asset  generally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonmarital Liability  generally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonparty  a person who is not the petitioner or respondent in a court case.
Notary Public  a person authorized to witness signatures on court related forms.
Obligee  a person to whom money, such as child support or alimony, is owed.
Obligor  a person who is ordered by the court to pay money, such as child support or alimony.
Order  a written decision signed by a judge and filed in the clerk of the circuit court's office, that contains the judge's decision on part of your case, usually on a motion.
Original Petition  see Petition.
Parenting Course  a class that teaches parents how to help their child(ren) cope with divorce and other family issues.
Party  a person involved in a court case, either as a petitioner or respondent.
Paternity Action  A lawsuit used to determine whether a designated individual is the father of a specific child or children.
Payor  an employer or other person who provides income to an obligor.
Permanent Alimony  spousal support ordered to be paid at a specified, periodic rate until modified by a court order, the death of either party, or the remarriage of the Obligee, whichever occurs first.
Personal Service  when a summons and a copy of a petition (or other pleading) that has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.
Petition  a written request to the court for legal action, which begins a court case.
Petitioner  the person who files a petition that begins a court case.
Pleading  a formal written statement of exactly what a party wants the court to do in a lawsuit or court action.
Primary Residence  the home in which the child(ren) spends most of his/her (their) time.
Pro Se Litigant  a person who appears in court without the assistance of a lawyer.
Pro Se Coordinator  see Family Law Intake Staff.
Reasonable Visitation  visitation between the nonresidential parent and child(ren) that provides frequent and unhampered contact with the child(ren). Such visitation is designed to encourage a close and continuing relationship with due regard for educational commitments of child(ren), any health or social factors of the child(ren), business and personal commitments of both parents, and home arrangements of both parents.
Rehabilitative Alimony  spousal support ordered to be paid for a limited period of time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan *212 accepted by the court, so that he or she may better support himself or herself.
Respondent  the person who is served with a petition requesting some legal action against him or her.
Rotating Custody  physical custody of child(ren) after divorce, which is alternated between the mother and father at specified periods of time, as determined by the court. Rotating custody allows each parent equal time with the child(ren).
Scientific Paternity Testing  a medical test to determine who is the father of a child.
Secondary Residential Responsibility (Visitation)  the time that the parent with whom the child(ren) does (do) not have primary residence spends with the child(ren).
Service  the delivery of legal documents to a party. This must be accomplished as directed by Florida Family Law Rules 12.070 and 12.080.
Shared Parental Responsibility  an arrangement under which both parents have full parental rights and responsibilities for their child(ren), and the parents make major decisions affecting the welfare of the child(ren) jointly. Shared Parental Responsibility is presumptive in Florida.
Sole Parental Responsibility  a parenting arrangement under which the responsibility for the minor child(ren) is given to one parent by the court, with or without rights of visitation to the other parent.
Specified Visitation  a parenting arrangement under which a specific schedule is established for the visitation and exchange of the child(ren).
Spouse  a husband or wife.
Supervised Visitation  a parenting arrangement under which visitation between a parent and his or her child(ren) is supervised by either a friend, family member, or a supervised visitation center.
Supplemental Petition  a petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.
Trial  the final hearing in a contested case.
Uncontested  any and all issues on which the parties are able to agree and which are part of a marital settlement agreement.

INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.901(a), PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE

When should this form be used?
This form should be used when a husband and wife are filing for a simplified dissolution of marriage. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You may file a simplified dissolution of marriage in Florida if all of the following are true:
 You and your spouse agree that the marriage cannot be saved.
 You and your spouse have no minor or dependent child(ren) together and the wife is not now pregnant.
 You and your spouse have worked out how the two of you will divide the things that you both own (your assets) and who will pay what part of the money you both owe (your liabilities), and you are both satisfied with this division.
 You are not seeking support (alimony) from your spouse, and vice versa.

*213  Neither you nor your spouse wish to have any financial information other than that provided in the financial affidavits.
 You are willing to give up your right to trial and appeal.
 You and your spouse are both willing to go into the clerk's office to sign the petition (not necessarily together).
 You and your spouse are both willing to go to the final hearing (at the same time).
If you do not meet the criteria above, you must file a regular petition for dissolution of marriage.
This petition should be typed or printed in black ink. Each of you must sign the petition in the presence of a deputy clerk (in the clerk's office), although you do not have to go into the clerk's office at the same time. You will need to provide picture identification (valid driver's license or official identification card) for the clerk to witness your signatures.

What should I do next?
1. After completing this form, you should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records. In addition to this petition, you must file the forms listed below.
 Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (Each of you must complete a separate financial affidavit.)
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.9020). (Each of you must complete a separate notice.)
 Marital Settlement Agreement, Florida Family Law Rules of Procedure Form 12.902(f)(3). (You will complete one agreement together.)
2. You must prove to the court that the husband and/or wife has (have) lived in Florida for more than 6 months before filing the petition for dissolution of marriage. Residence can be proved by:
 a valid Florida driver's license, Florida identification card, or voter registration card issued to one of you at least 6 months prior to filing for dissolution of marriage; or
 the testimony of another person who knows that either you or your spouse has resided in Florida for more than 6 months and is available to testify in court; or
 an affidavit. To prove residence by affidavit, use an Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i). This form must be signed by a person who knows that either you or your spouse has lived in Florida for more than 6 months before the date that you filed the petition for dissolution of marriage. This affidavit may be signed in the presence of the clerk of the court or in the presence of a notary public, who must affix his or her seal at the proper place on the affidavit.
3. You must pay the appropriate filing fees to the clerk of the circuit court. If you and your spouse cannot afford to pay the filing fees, you may fill out an Application for Determination of Civil Indigent Status, and file it with your petition for dissolution of marriage. You may obtain this form from the clerk and he or she will determine whether you are eligible to have filing fees waived.
4. Either you or the clerk of court will need to complete a civil cover sheet found in Form 1.997 of the Florida Rules of Civil Procedure. The clerk's office can provide this form.
5. You must obtain a date and time for a court appearance from the clerk of court. On that date, you and your spouse must *214 appear together before a judge. You should complete a Final Judgment of Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.990(a), and bring it with you to the hearing. At that time, if all of the papers are in order, the judge may grant a final judgment dissolving your marriage under simplified dissolution of marriage procedures by signing the final judgment which you have provided.
6. If you fail to complete this procedure, the court may dismiss the case to clear its records.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and Rule 12.105, Florida Family Law Rules of Procedure.

Special notes ...
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 __________ JUDICIAL CIRCUIT,
IN AND FOR _______ COUNTY,
 FLORIDA
 Case No.: ________
 Division: ________
________,
 Husband,
 and
________,
 Wife.

PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
We, {full legal name} ____________, Husband, and {full legal name} ________, Wife, being sworn, certify that the following information is true:
[fill in all blanks]
1. We are both asking the Court for a dissolution of our marriage.
2. Husband lives in {name} _______ County, {state} ______, and has lived there since {date} ______. Wife lives in {name} ________ County, {state} _____, and has lived there since {date} ______.
3. We were married to each other on {date} ______ in the city of {city} ______ in state of {state} ______, or country of {country} ______.
4. Our marriage is irretrievably broken.
5. Together, we have no minor (under 18) or dependent children and the wife is not pregnant.
6. We have made a marital settlement agreement dividing our assets (what we own) and our liabilities (what we owe). We are satisfied with this agreement. Our marital settlement agreement, Florida Family Law Rules of Procedure Form 12.902(f)(3), is attached. This agreement was signed freely and voluntarily by each of us and we intend to be bound by it.
7. We have each completed and signed financial affidavits, Florida Family Law *215 Rules of Procedure Forms 12.902(b) or (c), which are attached to this petition.
8. Completed Notice of Social Security Number forms, Florida Supreme Court Approved Family Law Form 12.902(j), are filed with this petition.
9. [one only] () yes () no Wife wants to be known by her former name, which was
{full legal name} ______.
10. We each certify that we have not been threatened or pressured into signing this petition. We each understand that the result of signing this petition may be a final judgment ending our marriage and allowing no further relief.
11. We each understand that we both must come to the hearing to testify about the things we are asking for in this petition.
12. We understand that we each may have legal rights as a result of our marriage and that by signing this petition we may be giving up those rights.
13. We ask the Court to end our marriage and approve our marital settlement agreement.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated:________
 ___________
 Signature of HUSBAND
 Printed Name: ________
 Address: ________
 City, State, Zip: _____
 Telephone Number: _________
 Fax Number: _________
STATE OF FLORIDA
COUNTY OF ________
Sworn to or affirmed and signed before me
on ________ by _______.
 _________
 NOTARY PUBLIC or DEPUTY
 CLERK
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated:_______
 _______
 Signature of WIFE
 Printed Name: ______
 Address: _________
 City, State, Zip: ______
 Telephone Number: _______
 Fax Number: ________
STATE OF FLORIDA
COUNTY OF ______
Sworn to or affirmed and signed before me
on _______ by ________.
 _______
 NOTARY PUBLIC or DEPUTY
 CLERK
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
*216 I, {full legal name and trade name of nonlawyer} ____, a nonlawyer, located at {street} ____, {city} ____, {state} ____, {phone} ____, helped {name} ____,
[one only] () Husband () Wife or () both, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form should be used when a husband or wife is filing for a dissolution of marriage and you and your spouse have a dependent or minor child(ren) together or the wife is pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You must file this form if the following is true:
 You and your spouse have a dependent or minor child(ren) together or the wife is pregnant.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT . . . If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED . . . If your spouse files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing *217 (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED . . . If your spouse files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes . . .
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address,  Florida Supreme Court Approved Family Law Form 12.980(h).
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This *218 must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
Child Custody . . . If you and your spouse are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Rotating Custody
 Primary Residential Responsibility
 Secondary Residential Responsibility
 Reasonable visitation
 Specified visitation
 Supervised visitation
 No contact
Child Support . . . The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. If you are requesting custody or primary residential responsibility for the child(ren), you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Alimony . . . Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony. *219 Marital/Nonmarital Assets and Liabilities. . . Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including child support, custody, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief . . . If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and visitation with child(ren), temporary child support, or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Marital Settlement Agreement . . . If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form . . . These family law forms contain a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer . . . Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE ____ JUDICIAL CIRCUIT, IN AND FOR ____ COUNTY, FLORIDA
 Case No.: ____
 Division: ____
____,
 Petitioner,
 and
____,
 Respondent.

PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
I, {full legal name} ____, the [one only] () Husband () Wife, being *220 sworn, certify that the following statements are true:
1. JURISDICTION/RESIDENCE
() Husband () Wife () Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. The husband [one only] () is () is not a member of the military service.
The wife [one only] () is () is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} ____
Place of marriage: {city, state, country} ____
Date of separation: {month, day, year} ____ (if approximate)
4. DEPENDENT OR MINOR CHILD(REN)
[all that apply]
___ a. The wife is pregnant. Baby is due on: {date} ____
___ b. The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 ______ ______________ __________ ____
 ______ ______________ __________ ____
 ______ ______________ __________ ____
 ______ ______________ __________ ____
 ______ ______________ __________ ____
 ______ ______________ __________ ____
___ c. The minor child(ren) born or conceived during the marriage who are not common to both parties are:
 Name Place of Birth Birth date Sex
 ______ ______________ __________ ____
 ______ ______________ __________ ____
The birth father(s) of the above minor child(ren) is (are) {name and address} _________________
___ d. The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:
 Name Place of Birth Birth date Sex
 ______ ______________ __________ ____
 ______ ______________ __________ ____
5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You must complete and attach this form in a dissolution of marriage with minor child(ren)).
6. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
7. This petition for dissolution of marriage should be granted because:
[one only]
___ a. The marriage is irretrievably broken.
___ b. One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this petition. A copy of the Judgment of Incapacity is attached.

SECTION I. MARITAL ASSETS AND LIABILITIES
[one only]
___ 1. There are no marital assets or liabilities.
___ 2. There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
[all that apply]
___ a. All marital assets and liabilities have been divided by a written agreement between the parties, which is attached, to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court *221 Approved Family Law Form 12.902(f)(1).
___ b. The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.
___ c. Petitioner should be awarded an interest in Respondent's property because:
 _________________________
 _________________________
 _________________________
 _________________________

SECTION II. SPOUSAL SUPPORT (ALIMONY)
[one only]
___ 1. Petitioner forever gives up his/ her right to spousal support (alimony) from Respondent.
___ 2. Petitioner requests that the Court order Respondent to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting and Respondent has the ability to pay that support. Spousal support (alimony) is requested in the amount of $___ every () week () other week () month, beginning {date} ____ and continuing until {date or event} _______________________.
Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, and/or lump sum): _________________________
 _________________________
 _________________________
 _________________________
 _________________________
[if applies] () Petitioner requests life insurance on Respondent's life, provided by Respondent, to secure such support.

SECTION III. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND VISITATION
1. The minor child(ren) currently reside(s) with () Mother () Father () Other: {explain} ____________________ ____________________
2. Parental Responsibility. It is in the child(ren)'s best interests that parental responsibility be:
[one only]
___ a. shared by both Father and Mother.
___ b. awarded solely to () Father () Mother. Shared parental responsibility would be detrimental to the child(ren) because: ______________________
 ________________________
 ________________________
 ________________________
3. Primary Residential Parent (Custody). It is in the best interests of the child(ren) that the primary residential parent be () Father () Mother () undesignated () rotating because: _________
 _________________________
 _________________________
 _________________________
4. Visitation or Time Sharing. Petitioner requests that the court order
[all that apply]
___ a. no visitation.
___ b. limited visitation.
___ c. supervised visitation.
___ d. supervised or third-person exchange of child(ren).
___ e. visitation or time sharing as determined by the Court.
___ f. a visitation or time sharing schedule as follows:
Explain the requested visitation or time sharing schedule: _____________________
*222
 _________________________
 _________________________
 _________________________
 _________________________
Explain why this request is in the best interests of the child(ren): __________
 _________________________
 _________________________
 _________________________
 _________________________
Has the above visitation or time sharing schedule been agreed to by the parties? () yes ( ) no

SECTION IV. CHILD SUPPORT
[all that apply]
___ 1. Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed. Such support should be ordered retroactive to:
___ a. the date of separation {date} ____.
___ b. the date of the filing of this petition.
___ c. other {date} ___ {explain} _______________
___ 2. Petitioner requests that the Court award child support to be paid beyond the age of 18 years because:
___ a. the following child(ren) {name(s)} __________ is (are) dependent because of a mental or physical incapacity which began before the age of 18. {explain} _____ ________________________
___ b. the following child(ren) {name(s)} ____________________ is (are) dependent in fact and is (are) in high school while he/she (they) are between the ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.
___ 3. Petitioner requests that the Court award a child support amount that is more than or less than Florida's child support guidelines. Petitioner understands that Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must be filed before the court will consider this request.
___ 4. Petitioner requests that medical/dental insurance coverage for the minor child(ren) be provided by:
[one only]
___ a. Father.
___ b. Mother.
___ 5. Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid:
[one only]
___ a. by Father.
___ b. by Mother.
___ c. by Father and Mother [each pay one-half].
___ d. according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
___ e. Other {explain:} _______
 _________________________
 _________________________
6. Petitioner requests that life insurance to secure child support be provided by:
___ a. Father.
___ b. Mother.
___ c. Both.

SECTION V. OTHER
1. [If Petitioner is also the Wife, one only] () yes () no Petitioner/Wife wants *223 to be known by her former name, which was {full legal name} ___________
2. Other relief {specify:} ________
 _________________________
 _________________________
 _________________________
 _________________________
SECTION VI. PETITIONER'S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Petitioner requests that the Court enter an order dissolving the marriage and:
[all that apply]
___ 1. distributing marital assets and liabilities as requested in Section I of this petition;
___ 2. awarding spousal support (alimony) as requested in Section II of this petition;
___ 3. establishing the primary residential parent (custody), parental responsibility, and visitation for the dependent or minor child(ren) common to both parties, as requested in Section III of this petition;
___ 4. establishing child support for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;
___ 5. restoring Wife's former name as requested in Section V of this petition;
___ 6. awarding other relief as requested in Section V of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: ________
 ________
 Signature of Petitioner
 Printed Name: _________
 Address: ________
 City, State, Zip: _______
 Telephone Number: _________
 Fax Number: __________
STATE OF FLORIDA
COUNTY OF ______
Sworn to or affirmed and signed before me
on ______ by ______.
 _________
 NOTARY PUBLIC or DEPUTY
 CLERK
 ________
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ______
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______, a nonlawyer, located at {street} ______, {city} ______, {state} ______, {phone} ______, helped {name} ______, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(2), PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form may be used when a husband or wife is filing for a dissolution of marriage, and the husband and wife have marital assets and/or marital liabilities but they do not have any dependent children *224 nor is the wife is now pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a simplified dissolution of marriage petition, Florida Family Law Rules of Procedure Form 12.901(a). However, you cannot file for a simplified dissolution of marriage if any of the following are true:
 You disagree about property, debts, or other matters and wish to have a judge settle them for you.
 Either you or your spouse is seeking support (alimony).
 You would like to ask questions and get documents concerning your spouse's income, expenses, assets, debts, or other matters before having a trial or settlement.
 You would like to reserve your rights to have any matters reconsidered or appeal the judge's decision.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT . . . If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED . . . If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, *225 or other appropriate notice of hearing form.
CONTESTED . . . If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes . . .
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
With this form, you must also file the following:
 Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you and your spouse have reached an agreement on any or all of the issues.
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
Alimony . . . Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived *226 (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony. Marital/Nonmarital Assets and Liabilities. . . Florida law requires an equitable distribution of marital assets and marital liabilities. "Equitable" does not necessarily mean "equal." Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. Nonmarital assets and nonmarital liabilities are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.
Temporary Relief . . . If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.
Marital Settlement Agreement . . . If you and your spouse are able to reach an agreement on any or all of the issues, you should file a Marital Settlement Agreement for Dissolution of Marriage with Property But No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both husband and wife must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form . . . These family law forms contain a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer . . . Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 ________ JUDICIAL CIRCUIT,
IN AND FOR ____________ COUNTY,
 FLORIDA
 Case No.: ______
 Division: ______
______,
 Petitioner,
 and
 __________,
 Respondent.
*227 PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
I, {full legal name} ______, the [one only] () Husband () Wife, being sworn, certify that the following statements are true:
1. JURISDICTION/RESIDENCE
( ) Husband () Wife () Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. The husband [one only] () is () is not a member of the military service.
The wife [one only] () is () is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} ____________________________
Place of marriage: {city, state, country} _____________________________
Date of separation: {month, day, year} ____________________________ (if approximate)
4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
6. THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:
[one only]
___ a. The marriage is irretrievably broken.
___ b. One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition. A copy of the Judgment of Incapacity is attached.

SECTION I. MARITAL ASSETS AND LIABILITIES
[one only]
___ 1. There are no marital assets or liabilities.
___ 2. There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
[all that apply]
___ a. All marital assets and debts have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.902(f)(3) or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).
___ b. The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.
___ c. Petitioner should be awarded an interest in Respondent's property because:

SECTION II. SPOUSAL SUPPORT (ALIMONY)
[one only]
___ 1. Petitioner forever gives up his/ her right to spousal support (alimony) from Respondent.
___ 2. Petitioner requests that the Court order Respondent to pay the following spousal support (alimony) and *228 claims that he or she has a need for the support that he or she is requesting and Respondent has the ability to pay that support. Spousal support (alimony) is requested in the amount of $___ every () week () other week () month, beginning {date} ______ and continuing until {date or event} _________________.
Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, and/or lump sum): _________________________
 _________________________
 _________________________
 _________________________
 _________________________
[if applies] () Petitioner requests life insurance on Respondent's life, provided by Respondent, to secure such support.

SECTION III. OTHER
1. [If Petitioner is also the Wife, one only] () yes () no Petitioner/Wife wants to be known by her former name, which was {full legal name} ________________.
2. Other relief {specify:} __________
 _________________________
 _________________________
 _________________________
 _________________________
SECTION IV. PETITIONER'S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Petitioner requests that the Court enter an order dissolving the marriage and:
[all that apply]
___ 1. distributing marital assets and liabilities as requested in Section I of this petition;
___ 2. awarding spousal support (alimony) as requested in Section II of this petition;
___ 3. restoring Wife's former name as requested in Section III of this petition;
___ 4. awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: __________
 ___________
 Signature of Petitioner
 Printed Name: ___________
 Address: __________
 City, State, Zip: ________
 Telephone Number: __________
 Fax Number: __________
STATE OF FLORIDA
COUNTY OF ______
Sworn to or affirmed and signed before me
on ______ by ______.
 __________
 NOTARY PUBLIC or DEPUTY
 CLERK
 _______
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ______
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______, a nonlawyer, located *229 at {street} ______, {city} ______, {state} ____, {phone} ______, helped {name} ______, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(3), PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY

When should this form be used?
This form may be used when a husband or wife is filing for a dissolution of marriage, and the husband and wife have no marital assets and/or marital liabilities and they do not have any dependent children nor is the wife is now pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a petition for simplified dissolution of marriage, Florida Family Law Rules of Procedure Form 12.901(a). However, you may file this form if all of the following are true:
 You have no marital assets or marital debts.
 Neither you nor your spouse is seeking support (alimony).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify your spouse of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT . . . If after 20 days, your spouse has not filed an answer, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED . . . If the respondent files an answer that agrees with everything in your petition or an answer and *230 waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED . . . If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes . . .
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
With this form, you must also file the following:
 Affidavit of Corroborating Witness, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
Final Judgment Form . . . These family law forms contain a Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested), Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or *231 judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 ________ JUDICIAL CIRCUIT,
IN AND FOR ___________ COUNTY,
 FLORIDA
 Case No.: ______
 Division: ______
________,
 Petitioner,
 and
________,
 Respondent.

PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
I, {full legal name} _____________, the [one only] () Husband () Wife, being sworn, certify that the following statements are true:
1. JURISDICTION/RESIDENCE () Husband () Wife () Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.
2. The husband [one only] () is () is not a member of the military service.
The wife [one only] () is () is not a member of the military service.
3. MARRIAGE HISTORY Date of marriage: {month, day, year} ________________________ Place of marriage: {city, state, country} ________________________ Date of separation: {month, day, year} _______________________(if approximate)
4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
6. THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:
[one only]
___ a. The marriage is irretrievably broken.
___ b. One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition. A copy of the Judgment of Incapacity is attached.
7. THERE ARE NO MARITAL ASSETS OR LIABILITIES.
8. PETITIONER FOREVER GIVES UP HIS/HER RIGHTS TO SPOUSAL SUPPORT (ALIMONY) FROM RESPONDENT.
9. [If Petitioner is also the Wife, one only] ( ) yes ( ) no Petitioner/Wife wants to be known by her former name, which was {full legal name}.
10. Other relief {specify:} ______
*232
 _________________________
 _________________________
 _________________________
 _________________________
PETITIONER'S REQUEST (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
Petitioner requests that the Court enter an order dissolving the marriage and:
[all that apply]
___ 1. restoring Wife's former name as specified in paragraph 9 of this petition;
___ 2. awarding other relief as specified in paragraph 10 of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _______
 _______
 Signature of Petitioner
 Printed Name: ___________
 Address: _______
 City, State, Zip: _________
 Telephone Number:
 ______________________________
 Fax Number: _________
STATE OF FLORIDA
COUNTY OF ______
Sworn to or affirmed and signed before me
______ on by _______.
 _________
 NOTARY PUBLIC or DEPUTY
 CLERK
 ______
 [Print, type, or stamp commissioned
 name of notary or clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ______
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______, a nonlawyer, located at {street} ______, {city} ______, {state} ______ {phone} ______ helped {name} ______, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form may be used to ask the court to enter a support order if you and your spouse are separated, and your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so. You can only use this form if a dissolution of marriage has not been filed and the child(ren) live primarily with you. If a petition for dissolution of marriage has been filed, you should file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition cannot address the issues of property, debts, custody, or visitation. It only deals with alimony and child support. *233 This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through "for Dissolution of Marriage" and inserting "for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)." If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues. If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT . . . If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). *234 If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

Special notes . . .
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form you must also file the following:
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves child(ren).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
Child Support . . . The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding child support or temporary alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). *235 For more information, see the instructions for that form.
Final Judgment Form ... These family law forms contain a Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 ______ JUDICIAL CIRCUIT,
IN AND FOR ______ COUNTY,
 FLORIDA
 Case No.: ______
 Division: ______
________,
 Petitioner,
 and
________,
 Respondent.
PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
I, {full legal name} ______, the [one only] () Husband () Wife, being sworn, certify that the following statements are true:
1. JURISDICTION
() Husband () Wife () Both live in Florida at the filing of this Petition for Support Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.
2. Petitioner [one only] () is () is not a member of the military service. Respondent [one only] () is () is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} _________________________
Place of marriage: {city, state, country} _________________________
Date of separation: {month, day, year} ________________________ (if approximate)
4. MINOR CHILD(REN)
[all that apply]
___ a. The wife is pregnant. The baby is due on: {date} ______.
___ b. The minor (under 18) child(ren) common to both parties are:
 Name Place of Birth Birth date Sex
 ______ _____________ __________ ____
 ______ _____________ __________ ____
 ______ _____________ __________ ____
 ______ _____________ __________ ____
 ______ _____________ __________ ____
 ______ _____________ __________ ____
c. The minor child(ren) born or conceived during the marriage who are not common to both parties are:
 Name Place of Birth Birth date Sex
 ____ ______________ __________ ____
 ____ ______________ __________ ____
The birth father(s) of the above minor child(ren) is (are) {name and address} _______________________________________________ *236 _____________________________
___ d. The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical incapacity are:
 Name Place of Birth Birth date Sex
 ____ ______________ __________ ____
 ____ ______________ __________ ____
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
7. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed.
8. This case involves custody or visitation with a minor child(ren), and a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.
SECTION I. SPOUSAL SUPPORT (ALIMONY)
[one only]
___ 1. Petitioner does not request spousal support (alimony) from Respondent at this time.
___ 2. Respondent has the ability to contribute to the maintenance of Petitioner and has failed to do so. Petitioner requests that the Court order Respondent to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting. Spousal support (alimony) is requested in the amount of $___ every () week () other week () month, beginning {date} ______, and continuing until {date or event} ________________________
Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, and/or lump sum): ________________________________
____________________
____________________
____________________
____________________
[if applies] () Petitioner requests life insurance on Respondent's life, provided by Respondent, to secure such support.
SECTION II. CHILD SUPPORT
Respondent has the ability to contribute to the maintenance of his or her minor child(ren) and has failed to do so. Petitioner has custody of the minor child(ren) or the child(ren) has (have) primary residence with Petitioner.
[all that apply]
___ 1. Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.
___ 2. Petitioner requests that the Court award child support to be paid beyond the age of 18 years because:
___ a. the following child(ren), {name(s)} _____________, is (are) dependent because of a mental or physical incapacity which began prior to the age of 18 {explain}: ___ _________________________ _________________________
___ b. the following child(ren), {name(s)} _____________ is (are) dependent in fact and is (are) in high school while he/she (they) are between the ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.
*237 ___ 3. Petitioner requests that medical/dental insurance coverage for the minor child(ren) be provided by: [one only]
___ a. Father.
___ b. Mother.
___ 4. Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid:
[one only]
___ a. by Father.
___ b. by Mother.
___ c. by Father and Mother each paying one-half.
___ d. according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
___ e. Other {explain}: ______ ___________________ ___________________
___ 5. Petitioner requests that life insurance to secure child support be provided by:
___ a. Father.
___ b. Mother.
___ c. Both.
SECTION III. OTHER RELIEF
 _________________________
 _________________________
 _________________________
 _________________________
SECTION IV. PETITIONER'S REQUEST (This section summarizes what you are asking the Court to include in the order for support.)
Petitioner requests that the Court enter an order establishing support and:
[all that apply]
___ a. awarding spousal support (alimony) as requested in Section I of this petition;
___ b. establishing child support for the minor child(ren) common to both parties, as requested in Section II of this petition;
___ c. awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
 Dated: ________
 _________
 Signature of Petitioner
 Printed Name: __________
 Address: ______
 City, State, Zip: _________
 Telephone Number: ____________
 Fax Number: _________
STATE OF FLORIDA
COUNTY OF ______
Sworn to or affirmed and signed before me
______ on by ______.
 _________
 NOTARY PUBLIC or DEPUTY
 CLERK
 _______
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ______
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______, a nonlawyer, located at {street} ______, {city} ______, *238 {state} ______, {phone} ______, helped {name} ______ who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(b), PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)

When should this form be used?
This form may be used if you and your spouse are separated, but a dissolution of marriage has not been filed, and you are requesting alimony. If a petition for dissolution has been filed, you should file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c), instead of using this petition. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.
This petition does not address the issues of property or debts. It only deals with alimony.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If you need to use constructive service, use the Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), after striking through "for Dissolution of Marriage" and inserting "for Support Unconnected with Dissolution for Marriage with No Dependent or Minor Child(ren)." If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
*239 UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form you must also file the following:
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
Alimony ... Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later). You may request either permanent alimony, lump sum alimony, or rehabilitative alimony.
Temporary Relief ... If you need temporary relief regarding alimony, you may file a Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.
Final Judgment Form ... These family law forms contain a Final Judgment of *240 Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.994(b), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer . . . Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 ______ JUDICIAL CIRCUIT,
IN AND FOR _______ COUNTY,
 FLORIDA
 Case No.: _______
 Division: _______
__________,
 Petitioner,
 and
_________,
 Respondent.
PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)
I, {full legal name} _____________, the [one only] () Husband () Wife, being sworn, certify that the following statements are true:
1. JURISDICTION () Husband () Wife () Both live in Florida at the filing of this Petition for Support Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.
2. Petitioner [one only] () is () is not a member of the military service.
Respondent [one only] () is () is not a member of the military service.
3. MARRIAGE HISTORY
Date of marriage: {month, day, year} ________________
Place of marriage: {city, state, country} ________________
Date of separation: {month, day, year} __________________ (if approximate)
4. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b)or (c), is, or will be, filed.
5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is, or will be filed.
SECTION I. SPOUSAL SUPPORT (ALIMONY)
___ 1. Respondent has the ability to contribute to the maintenance of Petitioner and has failed to do so. Petitioner requests that the Court order Respondent to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting. Spousal support (alimony) is requested in the amount of $___ every () week () other week () month, beginning {date}. _______ and *241 continuing until {date or event} _______________
Explain why the Court should order Respondent to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, and/or lump sum): ______________
 ________________
 ________________
 ________________
 ________________
[if applies] () Petitioner requests life insurance on Respondent's life, provided by Respondent, to secure such support.
SECTION II. OTHER RELIEF
 ________________
 ________________
 ________________
 ________________
SECTION III. PETITIONER'S REQUEST (This section summarizes what you are asking the Court to include in the order for support.)
Petitioner requests that the Court enter an order establishing support and:
[all that apply]
___ a. awarding spousal support (alimony) pursuant to Section I of this petition;
___ b. awarding other relief as specified in Section II of this petition; and any other terms the Court deems necessary.
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
 Dated: ______
 ________
 Signature of Petitioner
 Printed Name: ___________
 Address: __________
 City, State, Zip: __________
 Telephone Number: _________
 Fax Number: ______
STATE OF FLORIDA
COUNTY OF ______
Sworn to or affirmed and signed before me
on _______ by _______.
 __________
 NOTARY PUBLIC or DEPUTY
 CLERK
 _______
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
______________ Produced
 identification
 Type of identification produced ________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______, a nonlawyer, located at {street} ______, {city} ______, {state} ______, {phone} ______ helped {name} ______ who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(a), SUPPLEMENTAL PETITION TO MODIFY CUSTODY OR VISITATION AND OTHER RELIEF

When should this form be used?
This form should be used when you are asking the court to change current court-ordered custody or visitation arrangements. The court can change an order granting shared parental responsibility, including a primary residential responsibility /custody order if the judge finds that there has been a substantial change *242 in the circumstances of the parties and the change is in the child(ren)'s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final *243 hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Custody ... If you and the respondent are unable to agree about with whom the child(ren) will live most of the time, a judge will decide for you. The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.
Some circuits may require the completion of a parenting course before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial *244 assistant about requirements for parenting courses or mediation where you live.
Listed below are some terms with which you should become familiar before completing your supplemental petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Rotating Custody
 Primary Residential Responsibility
 Secondary Residential Responsibility
 Reasonable visitation
 Specified visitation
 Supervised visitation
 No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your supplemental petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief ... If you need temporary relief regarding parental responsibility and visitation with child(ren), or temporary child support, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement ... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Parental Responsibility/Visitation, Florida Supreme Court Approved Family Law Form 12.993(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
*245 Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 ______ JUDICIAL CIRCUIT,
IN AND FOR ______ COUNTY,
 FLORIDA
 Case No.: ________
 Division: ________
__________,
 Petitioner,
 and
___________,
 Respondent.

SUPPLEMENTAL PETITION TO MODIFY CUSTODY OR VISITATION AND OTHER RELIEF
I, {full legal name} ______________, being sworn, certify that the following information is true:
1. The parties to this action were granted a final judgment of () dissolution of marriage () paternity on {date} ______. A copy of the final judgment and any modification(s) is attached.
2. Paragraph(s) ______ of the () final judgment or () most recent modification thereof describes the present custody and/or visitation ordered.
3. Since the final judgment or last modification thereof, there has been a substantial change in circumstances, requiring a modification in custody or visitation. Those substantial changes are as follows: {explain} _______________
 _______________
 _______________
 _______________
 _______________
4. I ask the Court to modify the () custody () visitation as follows: {explain} ________________________________
 _________________
 _________________
 _________________
 _________________
5. This modification is in the best interests of the child(ren) because: {explain} ________________________________
 _________________
 _________________
 _________________
6. If the requested modification is granted, Petitioner requests that child support be modified, consistent with the modification of custody or visitation. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed.
7. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
8. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
9. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
10. Other: ________________
 _______________
 _______________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and *246 that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _________
 _________
 Signature of Petitioner
 Printed Name: _________
 Address: _________
 City, State, Zip: _________
 Telephone Number: _________
 Fax Number: _________
STATE OF FLORIDA
COUNTY OF _________
Sworn to or affirmed and signed before me
on _________ by _________.
 _________
 NOTARY PUBLIC or DEPUTY
 CLERK
 _________
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _______, a nonlawyer, located at {street} _______, {city} _______, {state} _______, {phone} _______, helped {name} _______ who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(b), SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT

When should this form be used?
This form should be used when you are asking the court to change a current court-ordered child support obligation. The court can change a child support order if the judge finds that there has been a substantial change in the circumstances of the parties and the change is in the child(ren)'s best interests.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form *247 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes . . .
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with *248 Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You must file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Temporary Relief . . . If you need temporary relief regarding child support, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.
Settlement Agreement ... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in
Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both parties must sign this agreement before a notary public or deputy clerk. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Child Support, Florida Supreme Court Approved Family Law Form 12.993(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial. *249 Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 _______ JUDICIAL CIRCUIT,
IN AND FOR _______ COUNTY,
 FLORIDA
 Case No.: _______
 Division: _______
_______,
 Petitioner,
 and
________,
 Respondent.

SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT
I, {full legal name} ______________, being sworn, certify that the following information is true:
1. The parties to this action were granted a final judgment ( ) of dissolution of marriage ( ) of paternity ( ) for support unconnected with a dissolution of marriage on {date} ______. A copy of the final judgment and any modification(s) is attached.
2. Paragraph(s) _________ of the ( ) final judgment or ( ) most recent modification thereof establishes the present child support at $___ every ( ) week ( ) other week ( ) month, beginning on {date} ________.
3. Since the final judgment or most recent modification thereof, there has been a substantial change in circumstances, requiring a modification in child support. This change in circumstance is as follows: {explain} ______________
_____________________
_____________________
_____________________
_____________________
4. I ask the Court to modify child support as follows: {explain} ________
_____________________
_____________________
_____________________
_____________________
5. This change is in the best interests of the child(ren) because: {explain} _______
_____________________
_____________________
_____________________
_____________________
6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
7. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed.
8. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed.
9. Other: ______________________
_____________________
_____________________
_____________________
_____________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and *250 that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _________
 _________
 Signature of Petitioner
 Printed Name: _________
 Address: _________
 City, State, Zip: _________
 Telephone Number: _________
 Fax Number: _________
 STATE OF FLORIDA
 COUNTY OF _________
 Sworn to or affirmed and signed before me
 on _________ by _________.
 _________
 NOTARY PUBLIC or DEPUTY
 CLERK
 _________
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced _________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______, a nonlawyer, located at {street} _____, {city} ____, {state} ______, {phone} ______ helped {name} _____, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(c), SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY

When should this form be used?
This form should be used when you are asking the court to change a current court-ordered alimony obligation. The court can change an alimony order if the judge finds that there has been a substantial change in the circumstances of the parties.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file this form in the county where the original order was entered. If the order was entered in another state, or if the respondent lives in another state, you should speak with an attorney about where to file this form. You should file the original with the clerk of the circuit court and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual *251 in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form you must also file the following and serve a copy on the other party:
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court *252 Approved Family Law Form 12.902(f)(2).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on the other party, if not filed at the time of the supplemental petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the other party, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Alimony ... In order to modify an order for alimony, a judge must find that there has been a substantial change in circumstances.
Temporary Relief ... If you need temporary relief regarding modification of alimony, you may file a Motion for Temporary Support with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(a), or Motion for Temporary Support with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.947(d), whichever is appropriate. For more information, see the instructions for those forms.
Settlement Agreement ... If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.
Final Judgment Form ... These family law forms contain a Supplemental Final Judgment Modifying Alimony, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer ... Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 ________ JUDICIAL CIRCUIT,
IN AND FOR ________ COUNTY,
 FLORIDA
 Case No.: ________
 Division: ________
_______________________,
 Petitioner,
 and
______________________,
*253
 Respondent.

SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY
I, {full legal name} ______________, being sworn, certify that the following information is true:
1. The parties to this action were granted a final judgment ( ) of dissolution of marriage ( ) for support unconnected with a dissolution of marriage on {date} _________. A copy of the final judgment and any modification(s) is attached.
2. Paragraph(s) ________ of the ( ) final judgment or ( ) most recent modification thereof establishes the present alimony at $________ every ( ) week ( ) other week ( ) month, beginning on {date} _______________.
3. Since the final judgment or most recent modification thereof, there has been a substantial change in circumstances, requiring a modification in alimony. This change in circumstance is as follows: {explain} _____________
____________________
____________________
____________________
____________________
4. I ask the Court to modify alimony as follows: {explain} ________________
____________________
____________________
____________________
____________________
5. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
6. Other: _________________ ____________________ ____________________
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _________
 _________
 Signature of Petitioner
 Printed Name: _________
 Address: _________
 City, State, Zip: _________
 Telephone Number: _________
 Fax Number: _________
 STATE OF FLORIDA
 COUNTY OF _________
 Sworn to or affirmed and signed before me
 on _________ by _________.
 _________
 NOTARY PUBLIC or DEPUTY
 CLERK
 _________
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced _________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ________, a nonlawyer, located at {street} ________, {city} _______, {state} ______ {phone} ______ helped {name} _______, who is the petitioner, fill out this form.

INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.913(a), NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE

When should this form be used?
This form may be used to obtain constructive service (also called service by publication) *254 in a dissolution of marriage case if you do not know where your spouse lives or if your spouse lives outside Florida and you are unable to obtain personal service. However, if you use constructive service, the court may grant only limited relief because its jurisdiction is limited. For example, the court can grant your divorce but cannot decide issues of child support, spousal support (alimony), or division of property or debts. This is a complicated area of the law and you may wish to consult an attorney before using constructive service.
You should complete this form by typing or printing the appropriate information in black ink. You should insert your spouse's name and last known address and then file this form with the clerk of the circuit court in the county where your petition for dissolution of marriage was filed. You must also complete and file an Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). You should keep a copy for your records.
After the Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b), is filed, the clerk will sign this form. The form must then be given to a qualified local newspaper to be published for four consecutive weeks. When in doubt, ask the clerk which newspapers in your area are "qualified." The newspaper will charge you for this service. If you cannot afford to pay the cost of publication of this notice in a qualified newspaper, you may ask the clerk to post the notice at a place designated for such postings. You will need to file an Application for Determination of Civil Indigent Status, which you can obtain from the clerk. If the clerk determines that you cannot afford these costs, the clerk will post the notice of action. In Dade, Broward, and Duval counties, you may ask the clerk to publish your notice without charge.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure, and rule 1.070, Florida Rules of Civil Procedure.

Special notes ...
If the other party fails to respond to your petition within the time limit stated in the notice of action that is published or posted, you are entitled to request a default. (See Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), and Default, Florida Supreme Court Approved Family Law Form 12.922(b).)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 _________ JUDICIAL CIRCUIT,
IN AND FOR _______ COUNTY,
 FLORIDA
 Case No.: _______
 Division: _______
________,
 Petitioner
 and
________,
*255
 Respondent.

NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE
TO: {name of Respondent} ________
{Respondent's last known address} ______
YOU ARE NOTIFIED that an action has been filed against you and that you are required to serve a copy of your written defenses, if any, to it on {name of Petitioner} _______, whose address is ______ on or before {date} ______, and file the original with the clerk of this Court at {clerk's address} _______, before service on Petitioner or immediately thereafter. If you fail to do so, a default may be entered against you for the relief demanded in the petition.
Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents upon request.
You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Notice of Current Address, Florida Supreme Court Approved Family Law Form 12.915.) Future papers in this lawsuit will be mailed to the address on record at the clerk's office.
WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.
Dated: _______.
CLERK OF THE CIRCUIT COURT
 By: _______
 Deputy Clerk
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____ a nonlawyer, located at {street} _____ {city}, {state} _______ {phone} _____ helped {name} ____, who is the petitioner, fill out this form.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF

When should this form be used?
This form should be used by a birth mother or father to ask the court to establish paternity, custody, visitation, and/or child support of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the respondent of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of *256 Revenue if you need assistance with your case.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure, completed the scientific paternity testing, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.983(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Special notes ...
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
If the respondent files an answer denying that the person named in the petition is the child(ren)'s father, one of you should file a Motion for Scientific Paternity Testing, Florida Supreme Court Approved Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.
If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a on this form.
*257 If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a guardian ad litem to assist the court in this matter and to protect the rights of child.
With this petition, you must file the following and provide a copy to the other party:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j).
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days if not filed with the petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)
Child Custody ... The judge will decide the parenting arrangements based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
 Shared Parental Responsibility
 Sole Parental Responsibility
 Rotating Custody
 Primary residence
 Secondary Residential Responsibility
 Reasonable visitation
 Specified visitation
 Supervised visitation
 No contact
Many circuits require that parents of a minor or dependent child(ren) who are involved in divorce or paternity actions attend a parenting course and/or mediation before being allowed to schedule a final hearing. You should check with your local clerk of court's office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines *258 are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE
 ________ JUDICIAL CIRCUIT,
IN AND FOR ________ COUNTY,
 FLORIDA
 Case No.: _______
 Division: _______
________,
 Petitioner,
 and
________,
 Respondent.

PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
Petitioner, {full legal name} _______________, being sworn, certifies that the following information is true:
This is an action for paternity and to determine custody, parental responsibility, and child support under chapter 742, Florida Statutes.
SECTION I.
1. Petitioner is the ( ) mother ( ) father of the following minor child(ren):

 Name Place of Birth Birth date Sex
 (1) ________ ______________ _________ ________
 (2) ________ ______________ _________ ________
 (3) ________ ______________ _________ ________
 (4) ________ ______________ _________ ________
 (5) ________ ______________ _________ ________
 (6) ________ ______________ _________ ________

2. Petitioner currently lives at: {street address, city, state} ______________ _____________________
3. Respondent currently lives at: {street address, city, state} _________________ ____________________
4. Both parties are over the age of 18, and neither is, nor has been within a 30-day period immediately prior to this date, a person in the military service of the United States as defined by the Amended Sailors' and Soldiers' Civil Relief Act of 1940.
5. Neither Petitioner nor Respondent is mentally incapacitated.
6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.
*259 7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.
8. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.
9. Paternity Facts.
[one only]
___ a. Paternity has previously been established as a matter of law.
___ b. The parties engaged in sexual intercourse with each other in the month(s) of {list month(s) and year(s)} ______, at {city and state} _______. As a result of the sexual intercourse, ( ) Petitioner ( ) Respondent conceived and gave birth to the minor child(ren) named in paragraph 1.( ) Petitioner ( ) Respondent is the natural father of the minor child(ren). The mother ( ) was ( ) was not married at the time of the conception and/or birth of the minor child(ren) named in paragraph 1. If the mother was married, the name and address of her husband at the time of conception and/or birth is:
SECTION II. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND VISITATION
1. The minor child(ren) currently reside(s) with ( ) Mother ( ) Father ( ) Other: {explain} ______________
2. Parental Responsibility. It is in the child(ren)'s best interests that parental responsibility be:
[one only]
___ a. shared by both Father and Mother.
___ b. awarded solely to ( ) Father ( ) Mother. Shared parental responsibility would be detrimental to the child(ren) because: ________________________
____________________
____________________
____________________
3. Primary Residential Parent (Custody). It is in the best interests of the child(ren) that the primary residential parent be ( ) Father ( ) Mother ( ) undesignated () rotating because ___________
____________________
____________________
____________________
4. Visitation or Time Sharing. Petitioner requests that the Court order
[all that apply]
___ a. no visitation.
___ b. limited visitation.
___ c. supervised visitation.
___ d. supervised or third-party exchange of child(ren).
___ e. visitation or time sharing as determined by the Court.
___ f. a visitation or time sharing schedule as follows:
Explain the requested visitation or time sharing schedule: _______________
__________________
__________________
__________________
__________________
Explain why this schedule is in the best interests of the child(ren): ________________
____________________
____________________
____________________
Has the above visitation or time sharing schedule been agreed to by the parties? () yes ( ) no
5. The minor child(ren) should
[only one]
___ a. retain his/her (their) present name(s).
*260 ___ b. receive a change of name as follows:

 present name(s) be changed to
 (1) ___________ (1) ___________
 (2) ___________ (2) ___________
 (3) ___________ (3) ___________
 (4) ___________ (4) ___________
 (5) ___________ (5) ___________
 (6) ___________ (6) ___________

SECTION III. CHILD SUPPORT
[all that apply]
1. Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed. Such support should be ordered retroactive to
[one only]
___ a. the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months before the date of filing of this petition.
___ b. the date of the filing of this petition.
___ c. other: {date} _________________. {Explain} __________________
___ 2. Petitioner requests that the Court award a child support amount that is more than or less than Florida's child support guidelines. Petitioner understands that a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, must be completed before the Court will consider this request.
___ 3. Petitioner requests that medical/dental insurance coverage for the minor child(ren) be provided by:
[one only]
 ___ a. Father.
 ___ b. Mother.
___ 4. Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid by:
[one only]
 ___ a. Father.
 ___ b. Mother.
 ___ c. Father and Mother each pay
 one-half.
 ___ d. Father and Mother each pay
 according to the percentages in the
 Child Support Guidelines Worksheet,
 Florida Family Law Rules of
 Procedure Form 12.902(e).
___ e. Other {explain}: ________
_________________
_________________
___ 5. Petitioner requests that life insurance to secure child support be provided by:
[one only]
 ___ a. Father.
 ___ b. Mother.
 ___ c. Both.
6. ( ) Petitioner ( ) Respondent ( ) Both has (have) incurred medical expenses in the amount of $___ on behalf of the minor child(ren), including hospital and other expenses incidental to the birth of the minor child(ren). There should be an appropriate allocation or apportionment of these expenses.
7. ( ) Petitioner ( ) Respondent ( ) Both has (have) received past public assistance for this (these) minor child(ren).
PETITIONER'S REQUEST
1. Petitioner requests a hearing on this petition and understands that he or she must attend the hearing.
2. Petitioner requests that the Court enter an order that:
[all that apply]
*261 ___ a. establishes paternity of the minor child(ren), ordering proper scientific testing, if necessary;
___ b. establishes parental responsibility, custody, and visitation of the minor child(ren);
___ c. awards child support, including medical/dental insurance coverage for the minor child(ren);
___ d. determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;
___ e. determines the appropriate allocation or apportionment of all other past, present, and future medical and dental expenses incurred or to be incurred on behalf of the minor child(ren);
___ f. changes the child(ren)'s name(s);
___ g. other relief as follows: ______ _______________ _______________ _______________; and grants such other relief as may be appropriate and in the best interests of the minor child(ren).
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: ______
 _______
 Signature of Petitioner
 Printed Name: ________
 Address: ______
 City, State, Zip: _______
 Telephone Number: ________
 Fax Number: _________
STATE OF FLORIDA
COUNTY OF _________
Sworn to or affirmed and signed before me
on _________ by _________.
 _________
 NOTARY PUBLIC or DEPUTY
 CLERK
 ______
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
___ Personally known
___ Produced identification
 Type of identification produced ______
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ______, a nonlawyer, located at {street} ______, {city} _______, {state} _________, {phone} ______ helped {name} _________, who is the petitioner, fill out this form.
NOTES
[1] We amend the Florida Rules of Criminal Procedure pursuant to Florida Rule of Judicial Administration 2.130(a), Emergency Amendments, and we amend the Supreme Court Approved Family Law Forms pursuant to Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 14 (Fla.2000).
[2] We also make editorial changes, unrelated to the indigency form issue, to the instructions to family law forms 12.901(b)(1), (2), and (3). References to Florida Supreme Court Approved Family Law Form 12.980(i). Petitioner's Request for Confidential Filing of Address, are changed to 12.980(h) to reflect the changes made to the forms in Amendments to Florida Supreme Court Approved Family Law FormsSexual Violence Forms, 871 So.2d 113 (Fla.2004).